```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION
```

**KENNETH EARL RAMSEY**                                    **PLAINTIFF**

**VS.**                           **CIVIL ACTION NO. 3:04CV769-WHB-AGN**

**CENTERPOINT ENERGY / ENTEX**                           **DEFENDANT**

<u>**OPINION AND ORDER**</u>

This cause is before the Court on the Motion for Summary Judgment of Defendant CenterPoint Energy / Entex (hereinafter "CenterPoint"). Having considered the Motion for Summary Judgment, the Response, the Rebuttal and all attachments to each, as well as supporting and opposing authority, the Court finds that the Motion is well taken and should be granted.

**I.  Factual Background and Procedural History**

This cause of action arises out of the alleged wrongful termination of Plaintiff Kenneth Ramsey from his employment position with Defendant CenterPoint. CenterPoint is a provider of natural gas services to properties in many areas of Mississippi. Ramsey, a black person, worked for CenterPoint from February of 1999, through September of 2003. He was a service technician, working out of the Crystal Springs, Mississippi office.

During his employment tenure with CenterPoint, Plaintiff allegedly complained to management that gas service to black customers who were late in paying their bills was cut off, while

late paying white customers continued to receive gas service. Based on this allegation, Ramsey filed a Charge of Discrimination with the Equal Employmnet Opportunity Commission (hereinafter "EEOC").[1]  After the EEOC Charge of Discrimination was filed, Ramsey was terminated from his employment position with CenterPoint.  CenterPoint alleges that Ramsey was fired because he falsified overtime records.  Ramsey alleges that his termination was in retaliation for filing the EEOC Charge of Discrimination.

Ramsey filed the subject discrimination suit in this Court on September 20, 2004.  He is currently represented by legal counsel. However, at the time that the Complaint was filed, Ramsey was not represented.  The Court will therefore liberally construe the contents of the Complaint.

The Complaint states three claims, retaliation, constructive discharge and wrongful discharge for "whistle blowing."  Although Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII") is not specifically mentioned in the Complaint, the Court analyzes the retaliation claim under that body of federal law.  The

---

[1]Neither a complete copy of the EEOC Charge of Discrimination nor a copy of the EEOC Right to Sue Letter was provided to the Court by the parties.  The Court therefore has no way of determining the dates of either of these documents.  Although having a complete copy of the EEOC Charge of Discrimination would certainly be preferable, the Court is able to determine the general contents of the Charge from the pleadings.  Accordingly, the Court is able to decide the subject Motion on the merits, even though the parties neglected to provide a copy of the Charge of Discrimination.

constructive discharge and wrongful discharge claims are analyzed below under Mississippi state law.

The subject Motion for Summary Judgment was filed on November 18, 2005. That Motion is now ripe for decision.

## II.  Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also, Moore v. Mississippi Valley State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of

material fact.  Celotex, 477 U.S. at 323.  The movant need not, however, support the motion with materials that negate the opponent's claim.  Id.  As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim.  Id. at 323-24.  The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, . . . since it is the province of the jury to assess the probative value of the evidence."  Kennett-Murray Corp. v. Bone, 622 F.2d 887, 892 (5th Cir. 1980).  Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial.  National Screen Serv. Corp. v. Poster Exchange, Inc., 305 F.2d 647, 651 (5th Cir. 1962).

### III.  Analysis

First analyzed is Ramsey's retaliation claim.  In cases involving employment discrimination, the plaintiff has the initial burden of establishing a prima facie case of discrimination.  See Rhodes v. Guberson Oil Tools, 75 F.3d 989, 992 (5th Cir. 1996)

(applying the analysis promulgated by the United States Supreme Court in Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981) and McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)).  After the plaintiff establishes a prima facie case, the burden shifts to the employer "to proffer a legitimate, nondiscriminatory reason for the challenged employment action," which requires that the employer present evidence that, if believed by a jury, would lead to the conclusion that the employer did not act with discriminatory intent.  Rhodes, 75 F.3d at 992-93.  In the event the employer articulates a legitimate, non-discriminatory reason, the burden shifts back to the plaintiff to show that the reason proffered by the employer was in reality a pretext for discrimination.  Id.  This process is known as the McDonnell Douglas burden shifting analysis.

The McDonnell Douglas framework applies to claims of retaliation under Title VII.  Evans v. City of Houston, 246 F.3d 344, 351-56 (5th Cir. 2001).  To prove a claim of retaliation under Title VII, "[a] plaintiff must first prove by a preponderance of the evidence '(1) that she engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action.'"  Id. at 352 (quoting Long v. Eastfield College, 88 F.3d 300, 304 (5th Cir. 1996)); see also McDowell v. Home Depot USA, Inc., 126 Fed. App'x 168, 169 (5th Cir.

5

2005)(citation omitted)(applying the same three tests in a discrimination claim under the ADA).  In issue in this analysis is the third element of the test, whether Ramsey engaged in activity protected by Title VII.

Ramsey claims that he was wrongfully fired in retaliation for filing a Charge of Discrimination with the EEOC.  The filing of the Charge, argues Ramsey, is a protected activity under Title VII.  CenterPoint argues that the mere filing of the Charge of Discrimination does not satisfy the "protected activity" element.  That is, CenterPoint contends that the substance of the Charge must constitute protected activity.  The Court agrees.

Ramsey's Charge of Discrimination alleged the CenterPoint discriminated against late paying black customers by turning off their gas service, while white customers who were delinquent in paying their bills continued to receive service.  Of importance in this analysis is the fact that the basis of the subject Charge of Discrimination was alleged discriminatory practices suffered by _nonemployees of CenterPoint_.  This fact forms the basis of the issue at bar.  That issue is whether a Charge of Discrimination based on discriminatory conduct by an employer toward _nonemployees_ satisfies the protected activity element for a claim of retaliatory discharge.

To resolve this issue, the Court looks to persuasive case law from other federal courts.  The protected activity element for a

claim of retaliatory discharge is not satisfied "where the practice complained of was not directed at employees but, instead, was directed to individuals who are not in an employment relationship with the defendant." Taneus v. Brookhaven Mem'l Hosp., 99 F.Supp.2d 262, 267 (E.D. N.Y. 2000)(citing Wilmer v. Suffolk County Police Dep't, 176 F.3d 125, 135-36 (2d Cir. 1999), cert. denied, 528 U.S. 964, 120 S.Ct. 398, 145 L.Ed.2d 310 (1999)). Under Taneus and the cases cited therein, discriminatory conduct against nonemployees of a defendant are not actionable under Title VII.

The subject issue was also analyzed by the United States Court of Appeals for the Fourth Circuit in Crowley v. Prince George's County, Maryland, 890 F.2d 683 (4th Cir. 1989), cert. denied, 506 U.S. 833, 113 S.Ct. 101, 121 L.Ed.2d 61 (1992). Crowley, an employee of the police department, alleged that he was demoted in retaliation for his investigation of claims of police brutality against black citizens by white police officers. Id. at 685. Finding that such a claim is not cognizable under Title VII, the Crowley court held:

> It may be that the downgrading of Crowley's position by the chief of police was wrongful or even spiteful. We have emphasized, however, that Title VII "is not a general 'bad acts' statute." Holder v. City of Raleigh, 867 F.2d 823, 828 (4th Cir.1989). Rather, the conduct it prohibits is specifically set forth. To recognize Crowley's claim would be to authorize retaliation actions under Title VII for anyone whose job entails the investigation of any claim of discrimination against his or her employer, without regard to whether the claimed discrimination relates to a practice of employment. While Congress may decide to extend the statute's coverage to

>  persons who bring any discriminatory practice of an
>  employer to light, such a step lies beyond the province
>  of the courts. To find in Title VII protection for
>  whistle-blowers on each and every instance of
>  discrimination on the part of an employer is more than we
>  think the plain language of its provisions will support.

Id. at 687.

Based on the weight of persuasive authority set forth above, this Court finds that Ramsey has filed to prove that he engaged in an activity protected by Title VII. This finding is based on the fact that the alleged discriminatory conduct complained of by Ramsey was directed at nonemployees of CenterPoint. Because the proof that Ramsey participated in a protected activity is essential to his retaliatory discharge claim, that claim must be dismissed on summary judgment.

Next considered is Ramsey's wrongful discharge claim. Ramsey contends that he was wrongfully discharged because of his failure to participate in the alleged discriminatory conduct, and/or his reporting of that conduct.

Under established Mississippi case law, Mississippi is an "at will" employment state. Buchanan v. Ameristar Casino Vicksburg, Inc., 852 So.2d 25, 26 (Miss. 2003). Absent a specific employment contract to the contrary, "[t]he general rule of employment at will is that a contract for employment for an indefinite period may be terminated at the will of either party, whether the termination is for any reason or no reason at all." Id. (citation omitted). However, in McArn v. Allied Bruce-Terminix Co., 626 So.2d 603

(Miss. 1993), the Mississippi Supreme Court set forth two separate but related exceptions to the employment at will doctrine.

First, "an employee who refuses to participate in an illegal act ... shall not be barred by the common law rule of employment at will from bringing an action in tort for damages against his employer." Id. at 607. Second, "an employee who is discharged for reporting illegal acts of his employer to the employer or anyone else is not barred by the employment at will doctrine for bringing action in tort against his employer." Id. This second exception is sometimes referred to as the McArn whistle blower exception to the employment at will doctrine.

Essential to both of the two McArn exceptions to the employment at will doctrine is that the wrongful conduct in issue must be "illegal." Although the discriminatory conduct complained of by Ramsey in this case may be inherently "wrongful," Ramsey has cited no laws that were violated by said conduct, and the Court is aware of no such laws.[2]

Ramsey's final claim is that he was constructively discharged. The Court is uncertain of the basis of this claim. Constructive discharge occurs when an employer makes conditions so intolerable

---

[2] In fact, Ramsey's Response to the Motion for Summary Judgment, which contains only two substantive pages, cites *no* law other than a general reference to Title VII. This shortcoming could possibly be excused to a certain extent if Ramsey were still proceeding *pro se*. However, at the time that his Response to the subject Motion was filed, Ramsey was represented by counsel.

that an employee reasonably feels compelled to resign. <u>Cothern v. Vicker's, Inc.</u>, 759 So.2d 1241, 1246 (Miss. 2000)(citation omitted). Inherent in this definition is that the employee resign, as opposed to being fired. In this case, it is undisputed that Ramsey was fired. The Court therefore finds that the constructive discharge claim fails, and that it must be dismissed on summary judgment.

## IV. Conclusion

Based on the analyses and holdings presented above, the Court finds that no genuine issues of material fact are presented by Plaintiff's claims in this case. Accordingly, Defendant's Motion for Summary Judgment should be granted.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (docket entry no. 26) is hereby granted. A Final Judgment will be entered which dismisses this case with prejudice.

SO ORDERED this the 19th day of January, 2006.

s/ William H. Barbour, Jr.<br>
UNITED STATES DISTRICT JUDGE

tct